### ZIEGEL v. ZIEGEL

(October 21, 1929. Opinion and Decree.)

Habans & Coleman, of New Orleans, attorneys for plaintiff, appellant.

W. J. Waguespack, Jr., of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit for the dissolution of a partnership, for an accounting, and for damages for breach of the partnership agreement.

Defendant admits the agreement, and pleads that the partnership was dissolved by mutual consent, and that an accounting, as far as possible, was made between the partners, and denies liability for damages for any breach of the partnership agreement. There was judgment in favor of defendant dismissing plaintiff's suit, and plaintiff appealed. The case presents only issues of fact.

The evidence shows that plaintiff and defendant, two brothers, entered into a partnership by verbal agreement to manufacture well buckets. Plaintiff had been in the business before the formation of the partnership, and had the machinery and patent rights for the making of this particular kind of bucket. The defendant owned the building where the partnership

business was conducted. A dispute arose between the brothers, and by mutual consent the partnership was dissolved, each blaming the other for the discontinuance of the business.

We are satisfied that the partnership was dissolved by mutual consent because they were unable to agreeably and successfully conduct the business.

As to the question of an accounting, the affairs of the business were kept in the most irregular order, plaintiff testifying that he had "had this business pretty nearly all of his life" and he "did not have to have many bills to figure his business," as he "only made one thing." Defendant stated that he was not a bookkeeper, and only kept certain memoranda in a large book, some of the pages of which he tore out and produced in open court. According to the plaintiff's statements, defendant was indebted to him, and, according to the defendant's version, plaintiff was indebted to him. We are satisfied from the records that were kept that neither party can successfully prove the true condition of the partnership affairs and a correct and accurate accounting between the parties is impossible. The evidence indicates that the parties have practically been restored to their original positions, except for business losses that were entailed in the venture. As the affairs of the partnership have practically been liquidated, and since plaintiff and defendant contradict each other as to the true condition of the partnership's liquidation, and there are not sufficient records from which to render an accounting, the court is unable to grant the relief prayed for. Plaintiff bore the burden of proving by a preponderance of the testimony that an accounting was due him and should be rendered, but failed to sustain this burden.

The defendant has not questioned plaintiff's right to sue for damages in an accounting suit, and, without approving of plaintiff's pleading in this respect, it is sufficient to say that the damages which he claims from defendant as the result of a breach of the partnership agreement are most general and speculative, and are therefore denied.

The trial court having decided the issues of fact in favor of defendant, and there being no manifest or apparent error, the judgment appealed from is affirmed.